**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, JAMES S.** | ) | |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 3586** |
| | ) | |
| **WILL COUNTY RECYCLING, INC.,** | ) | **Judge Manning** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR DEFAULT AND TO COMPEL AN AUDIT**

Plaintiffs, Laborers' Pension Fund and Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and plaintiff James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their undersigned attorneys, state:

1.     On June 23, 2008, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times defendant Will County Recycling, Inc. ("the Company") had an obligation arising from a collective bargaining agreement to report and pay contributions to plaintiff Funds, to submit to an audit upon demand and to obtain and maintain a surety bond.  In this Complaint, plaintiffs have specifically alleged that the Company failed to produce books and records for an audit covering the period from November 2007 to the present.   The Company's president is Robert Pruim.

2.    Because the Company's registered agent could not with reasonable diligence be found at the registered office of record in Illinois, service on the Company was accomplished through the Secretary of State on July 17, 2008. (See, Affidavit of Compliance, Exhibit A.)

3.    Twenty days have lapsed since the Company was served with summons and complaint, and the Company has not served an answer.

4.    The Company signed an Independent Construction Industry Collective Bargaining Agreement (the "Agreement"), with the Construction & General Laborers' District Council. The Agreement binds the defendants to the master agreements and Trust Agreements which are adopted in the one page collective bargaining agreement.

5.    The bargaining agreement and Trust Agreements require the defendants to make books and records available for an audit.  The Pension Trust Agreement provides that "Trustees may at any time have an audit made by an independent certified public accountant or its representative of the payroll of any Employer in connection with the said contributions and/or reports."  The Funds' policy is attached hereto which describes the records required for an audit by the Laborers' Funds. (Exhibit B.)

6.    Plaintiffs are requesting the Company's books and records for the period from November 2007 through the present to conduct an audit.  Addendum A to the Pension Trust Agreement reflects the books and records necessary for this review. (Exhibit B.)  This list is also incorporated into the Proposed Order.

WHEREFORE, plaintiffs request entry an order (1) finding defendant Will County Recycling, Inc. in default; and (2) requiring defendant Will County Recycling, Inc., through its president, Robert Prium, to produce records to the Funds' auditors.  Production may be arranged by

2

contacting Funds' counsel, Josiah A. Groff at (312) 364-9400.

Respectfully submitted,

/s/ Josiah A. Groff
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY
230 West Monroe Street
Suite 2600
Chicago, IL 60606
(312) 364-9400

August 21, 2008

Form **BCA-5.25**
(Rev. Jan. 2003)

**AFFIDAVIT OF COMPLIANCE FOR SERVICE ON SECRETARY OF STATE UNDER THE BUSINESS CORPORATION ACT**

File # 64676334

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
217-524-6748
www.cyberdriveillinois.com

Remit payment in check or money order payable to Secretary of State.

This space for use by Secretary of State.

# FILED

JUL 1 7 2008

JESSE WHITE
SECRETARY OF STATE

SUBMIT IN DUPLICATE

Date: 7-17-08

Filing Fee: $10

Approved: *VB*

1.  Title and Number of Case:

    Laborers' Pension Fund, et al. _____ first named plaintiff

    v.

    Will County Recycling, Inc. _____ first named defendant

    Number 08 C 3586

2.  Name of corporation being served: Will County Recycling, Inc.

3.  Title of court in which an action, suit or proceeding has been commenced: U.S. Dist. Court (N.D.III.)

4.  Title of instrument being served: Summons and complaint

5.  Basis for service on the Secretary of State: (check and complete appropriate box)

    a.  ☑ The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.

    b.  ☐ The corporation has failed to appoint and maintain a registered agent in Illinois.

    c.  ☐ The corporation was dissolved on _____, _____; the conditions
        Month & Day                Year
        of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.

    d.  ☐ The corporation's authority to transact business in Illinois has been withdrawn/revoked (circle one) on _____, _____.
        Month & Day                Year

    e.  ☐ The corporation is a foreign corporation that has transacted business in Illinois without procuring authority, contrary to the provisions of the Business Corporation Act of 1983.

6.  Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail: 1515 South Prairie Avenue, #1110, Chicago, Illinois 60605

7.  The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

    _____          July 15              2008
    Signature of Affiant                     Month & Day          Year

    ( 312 )    364-9400
    Telephone Number

**Return to (please type or print clearly):**

Josiah A. Groff
Name
230 West Monroe Street, Suite 2600
Street
Chicago, IL 60606
City/Town        State        ZIP

**TENDERED CHICAGO
CORP. DEPARTMENT**

JUL 1 6 2008

ACCEPTANCE AND "FILED" DATE
ESTABLISHED ONLY AFTER
REVIEW BY SPRINGFIELD OFFICE

Printed by authority of the State of Illinois. June 2005 — 5M — C 163.12

**Exhibit A**

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

# 08 C 3586

### SUMMONS IN A CIVIL CASE

Laborers' Pension Funds et al.,

CASE NUMBER:

V.

ASSIGNED JUDGE:

Will County Recycling, Inc.

DESIGNATED
MAGISTRATE JUDGE:

**JUDGE MANNING
MAGISTRATE JUDGE NOLAN**

TO: (Name and address of Defendant)

Will County Recycling, Inc.
Registered Agent
Robert Jay Pruim
1515 South Prairie No. 1110
Chicago, IL 60605

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Karen I. Engelhardt
Allison, Slutsky & Kennedy,P.C.
230 W. Monroe Street, Suite 2600
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

**Michael W. Dobbins, Clerk**

**(By) DEPUTY CLERK**

**June 23, 2008**

**Date**

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 7/3/2008  at 1:15 pm |
| NAME OF SERVER *(PRINT)* Barry A. Savage | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☒ Returned unexecuted:

This is a residential high rise building.  Spoke with security guard Vermekia who stated Prium moved about 1 year ago.

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___7/10/2008___          _B. A. Savage_
                     Date                          Signature of Server

27 N. Wacker Dr., #531, Chicago, IL 60606
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# LABORERS' PENSION AND WELFARE FUNDS

## POLICY FOR RETENTION AND PRODUCTION OF EMPLOYER RECORDS

As Adopted by the Boards of Trustees
Effective as of April 1, 2006

WHEREAS, Section 209 of the Employee Retirement Income Security Act of 1974 , as amended ("ERISA"), 29 U.S.C. Section 1059, requires employers obligated to contribute to employee benefit funds to maintain records with respect to its employees which are sufficient to determine benefits due to such employees of which may become due to them; and

WHEREAS, the Trustees of the Laborers' Pension Fund and the Trustees of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively, the "Benefit Funds") have the authority under their respective Trust Agreements to establish rules, regulations and policies regarding records which must be maintained by employers in order to administer the Benefit Funds; and

WHEREAS, the Trustees of the Benefit Funds have found that most contributing employers maintain proper records and make all required contributions to the Benefit Funds, nevertheless, there are employers who are bound by the Trust Agreements of the Benefit Funds who fail to maintain records which are adequate for the Funds to determine whether proper contributions have been made on behalf of eligible employees and that some of such employers do so deliberately in order to avoid their obligations to make such payments; and

WHEREAS, the practices of employers who fail to maintain records sufficient to enable the Benefit Funds to conduct thorough payroll audits cause their employees to lose valuable pension and welfare benefits and cause the Benefit Funds to lose contractually required contributions and investment earnings on those contributions; and

WHEREAS, the practices of employers who fail to maintain adequate records cause the Benefit Funds to incur substantial additional administrative and legal expenses in order to determine proper amounts owed to the Funds by such employers; and

WHEREAS, enforcement of a policy specifying the records required to be maintained and produced increases the ability of the Funds to prove the contributions owed by delinquent employers and thereby to provide proper credit to the employees and their beneficiaries;

NOW THEREFORE, the Trustees resolve that the following policies are adopted by the Benefit Funds effective as of March 1, 2002:

1

**Exhibit B**

1. Except as otherwise provided herein, all contributing employers to the Benefit Funds shall maintain and make available for inspection and copying by an auditor of the Benefit Funds the records listed on Appendix A, attached hereto.

2. Any employer obligated to contribute to the Benefit Funds who fails to maintain and make available for inspection and copying to an auditor of the Benefit Funds the requisite records listed on Appendix A shall bear the burden of proof with respect to the exclusion of any employee from coverage by the collective bargaining agreement with the Union. In those cases where an employer asserts that an employee is excluded because he/she is a member of another bargaining unit, the employer must submit tangible evidence of that fact, e.g., a union membership card, contribution records maintained for the benefit funds of the other bargaining unit, commercial drivers' license if it is asserted that an employee is a truck driver rather than a laborer and workers' compensation policies, forms and applications listing an employee's job classification or other business records. The affidavit of an employer's representative or officer unsupported by documentary evidence shall not be sufficient to meet the employer's burden of proof. Affidavits solicited and obtained ex parte by an employer's representative from employees, for which there is no corroborative evidence in the form of records maintained in the ordinary course of business, shall not be sufficient to meet the employer's burden of proof.

3. When an employer has failed to maintain or make available the requisite records, there shall be a rebuttable presumption that any employee listed as a possible laborer by an auditor, Field Representative or attorney representing the Benefit Funds was a laborer. There shall also be rebuttable presumptions concerning the hourly rate and number of hours worked as follows: (a) that the employee was paid only $10.00 per hour if no record of wage rates was made by the employer, and/or (b) that the employee worked 72 hours per week if no record of the number of hours was maintained; whichever of these presumptions results in the higher amount of contributions shall be applied. When evidence exists that a different hourly rate was paid to employees of an employer that failed to maintain the required records, at the discretion of the Director of the Field Department, a different hourly rate may be presumed for purposes of determining the amount of contributions owed by the employer. If that evidence shows that the employer paid a rate lower than $10.00 per hour to any employees doing bargaining unit work, then that lower rate shall be presumed to be the actual rate paid to all employees for whom adequate records were not kept. Similarly, where evidence exists of a different number of hours worked, the Director may apply a different number of hours for determining the contributions owed, and this number of hours worked shall be presumed correct. All wages computed as provided in this paragraph shall be presumed to be paid as straight time wages regardless of the number of hours worked unless the employer has provided documentation, in the form required by the terms of this policy, showing that it followed the requirements of the Fair Labor Standards Act and/or the applicable collective bargaining agreement as to the payment of overtime.

4. An employer that fails to maintain the requisite records and fails to cooperate with the Trustees in establishing the paid wage rates, actual hours of work and contributions owed to the Benefit Funds shall be liable to the Benefit Funds and any related organizations, for the contribution amounts determined as provided herein and also for 20% liquidated damages, compound interest at the rate of prime plus 2 points (as determined by the Administrator), auditor's and attorney's fees and any other expenses of collection including investigative costs.

2

## ADDENDUM A

## RECORDS REQUIRED TO BE RETAINED BY EMPLOYERS AND PRODUCED FOR AUDITS

The following records shall be maintained and retained by all contributing employers to the Benefit Funds for at least six years from the contribution date and shall be produced for inspection and copying by an auditor of the Benefit Funds upon written request:

1. Quarterly and annual payroll tax returns, including, but not limited to, federal quarterly form 941's, federal annual form W-2's, W-3's, 940's, 1099's and state quarterly unemployment returns (form UC-3).

2. Payroll journals and/or registers which include or identify employees' social security numbers, hourly rates of pay, hours worked and the time period in which the work was performed.

3. Individual earnings records for all employees of the employer not shown on payroll journals or registers, including social security number and work classification (or code or clock or ID number), hourly rates of pay, hours worked and the time period in which the work was performed.

4. Cash disbursement journals and general ledgers.

5. Copies of all contribution reports and proof of payment (canceled checks or records of canceled checks) of all contributions to the Laborers' Funds and to all other trade union fringe benefit funds to which the employer contributed.

6. Copies of all dues records and proof of payment (canceled checks or records of canceled checks) of all union dues submitted to the Laborers' District Council.

7. Records showing all amounts paid to all persons or entities that performed work for the employer as independent contractors or subcontractors, if any, including copies of any federal form 1099's issued by the employer.

8. Daily time records filed by employees or supervisors.

9. Source documents and lists of job codes and equipment codes.

10. Certified payrolls for public sector jobs where such payrolls are required.

11. Employee personnel files including, but not limited to, last known addresses and telephone numbers, any documents which demonstrate employees' job classifications and/or status as an apprentice, journeyman, foreman, superintendent, or supervisor. (Confidential medical records or other private records not relevant to the establishment of an employee's job classification shall not be disclosed.)

1

12. Bank account statements and canceled checks from any account used in conjunction with the employer's business.

13. If records of all hours worked, rates of pay and classifications are not provided in the records listed in items 1 through 10, the employer shall maintain monthly lists of all employees not shown on payroll records, showing Social Security number and work classification (or code or clock or ID number), rates of pay and hours worked.

Honor Roll Employers shall be required only to produce basic records needed by the Benefit Funds' auditors to do an audit, specifically items 1 through 7 above. However, if an initial examination of such limited records discloses significant record keeping errors or failures to contribute, the auditor may request additional records listed above. In the absence of evidence of a deliberate failure by an Honor Roll Employer to contribute on behalf of a bargaining unit employee, the rebuttable presumptions provided for in the attached Policy for Retention and Production of Employer Records shall not apply to such Honor Roll Employer.

Notwithstanding the foregoing, the Collection Committee or the Director of the Field Department may, in their discretion, determine that a full audit shall be done of any employer or that, where a sampling audit is to be conducted, specific records shall be produced. The judgment of the trustees in interpreting and applying this policy shall be conclusive and binding on all parties.

Adopted January 9, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and** | ) |
| **LABORERS' WELFARE FUND OF THE** | ) |
| **HEALTH AND WELFARE DEPARTMENT** | ) |
| **OF THE CONSTRUCTION AND GENERAL** | ) |
| **LABORERS' DISTRICT COUNCIL OF** | ) |
| **CHICAGO AND VICINITY, JAMES S.** | ) |
| **JORGENSEN, Administrator of the Funds,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No. 08 C 3586** |
| | ) |
| **WILL COUNTY RECYCLING, INC.,** | )     **Judge Manning** |
| | ) |
| **Defendants.** | ) |

**ORDER**

This cause coming to be heard before the Court on the plaintiffs' Motion for Default and to Compel an Audit; due notice having been given to the defendants; and the Court being fully advised in the premises to the following:

**IT IS HEREBY ORDERED:**

1.     Defendant Will County Recycling, Inc. is in default.

2.     Defendant Will County Recycling, Inc., through its president Robert Pruim, is obligated to submit reporting information for the period from November 2007 through the present. Defendant Will County Recycling, Inc., through its president Robert Pruim, shall produce the following books and records within ten days of service of this Order to the Funds' designated auditors by contacting Funds' counsel Josiah A. Groff at Allison, Slutsky & Kennedy, P.C., (312) 364-9400:

　　　　1.     Quarterly and annual payroll tax returns, including, but not limited to,

federal quarterly form 941's, federal annual form W-2s, W-3s, 940s, 1099s and state quarterly unemployment returns (form UC-3).

2.  Payroll journals and/or registers which include or identify employees' social security numbers, hourly rates of pay, hours worked and the time period in which the work was performed.

3.  Individual earnings records for all employees of the employer not shown on payroll journals or registers, including social security numbers and work classifications (or code or clock or ID number), hourly rates of pay, hours worked and the time period in which the work was performed.

4.  Cash disbursement journals and general ledgers.

5.  Copies of all contribution reports and proof of payment (canceled checks or records of canceled checks) of all contributions to the Laborers' Funds and to all other trade union fringe benefit funds to which the employer contributed.

6.  Copies of all dues records and proof of payment (canceled checks or records of canceled checks) of all union dues submitted to the Laborers' District Council.

7.  Records showing all amounts paid to all persons or entities that performed work for the employer as independent contractors or subcontractors, if any, including copies of any federal form 1099's issued by the employer.

8.  Daily time records filed by employees or supervisors.

9.  Source documents and lists of job codes and equipment codes.

10. Certified payrolls for public sector jobs where such payrolls are required.

11. Employee personnel files including, but not limited to, last known addresses and telephone numbers, any documents which demonstrate employees' job classifications and/or status as an apprentice, journeyman, foreman, superintendent, or supervisor, (confidential medical records or other private records not relevant to the establishment of an employee's job classification shall not be disclosed.)

2

12.     Bank account statements and canceled checks from any account used in conjunction with the employer's business.

13.     Records of all hours worked, rates of pay and classifications are not provided in the records listed in items 1 through 10, the employer shall maintain monthly lists of all employees not shown on payroll records, showing social security numbers and work classifications (or code or clock or ID number), rates of pay and hours worked.

3.     Defendant Will County Recycling, Inc., through its president Robert Pruim, shall permit plaintiffs' auditors access to the books and records at a mutually convenient time and place. To comply with this order, Robert Pruim shall contact plaintiffs' counsel, Josiah A. Groff, at Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606 at (312) 364-9400 to arrange a time for plaintiffs' auditors to review the defendants' documents within ten days of service of this order.

**E N T E R E D**

_____
**UNITED STATES DISTRICT COURT**

**Dated: _____**