**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, JAMES S. )
JORGENSEN, Administrator of the Funds, )
                                                        )
                      Plaintiffs, )
                                                        )
     v.                                                 )      Case No. 08 C 3586
                                                        )
WILL COUNTY RECYCLING, INC., )      Judge Manning
                                                        )
                    Defendants. )

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorney, state:

     1.     On June 23, 2008, plaintiffs filed a complaint under Section 301(a), of the Labor Management Relations Act, 29 U.S.C. § 185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3), as amended, alleging that at all material times defendant has an obligation arising from a collective bargaining agreement to pay contributions as determined by the Funds' auditors for the period November 2007 through the present.

     2.     Because the defendant's registered agent was not available at the address on file with the Secretary of State – 1515 South Prairie Avenue, #1110, Chicago, Illinois 60605 – a copy of the

complaint and a summons were filed with the Secretary of State on July 17, 2008 [Docket No. 9-2].

3. On September 4, 2008, this Court found the defendant in default, and ordered compliance with an audit to establish damages. The defendant complied with the audit, and plaintiffs now move for prove-up of damages and a judgment.

4. As established by the Funds' Field Representative, Joseph Gilleran, the Funds' auditors from Levinson, Simon & Sprung, P.C., reviewed the defendant's records reflecting contributions due to the Funds for the period from November 1, 2007, through April 31, 2008. The audit report reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, LECET funds, and for Union dues in the total amount of $2,616.99. (See, Joseph Gilleran Affidavit, Ex. A ¶ 3; the audit report, Ex. B).

5. According to the collective bargaining agreement and the respective Trust Agreements to which Will County Recycling, Inc. is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LDCLMCC, LECET funds, and for Union dues. Additionally, interest is calculated at the prime rate as charged by the Chase Bank plus two percent is owed for all delinquencies. As established by the affidavit of Mr. Gilleran, these liquidated damages are owed in the amount of $504.43, and interest has been calculated in the amount of $111.37. The costs of this audit billed to the Funds were $1,067.97, which Will County Recycling, Inc. is also obligated to pay, based on the respective Trust Agreements to which it is bound. (J. Gilleran's affidavit, Exh. A, ¶ 4,6).

6. According to the collective bargaining agreement, the Company is required to obtain

and maintain a surety bond to guaranty wages and fringe benefit contributions in the amount of $5,000.00. As established by Mr. Gilleran's affidavit, this Company does not have a bond. (Ex. A ¶5.) In addition, all contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed. As established by Mr. Gilleran's affidavit, the Company has not reported hours worked by covered employees for the period of September 1, 2008 through the present, nor paid any contributions that may be owing based on those reports. (Ex. A ¶7.)

7. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $1,690.00 and $420.00 in costs, consisting of $350.00 in filing fees and $70.00 in service fees. (See, Affidavit of Karen Engelhardt, Exhibit C).

**WHEREFORE,** plaintiffs request entry of a judgment against Will County Recycling, Inc. in a total amount of $6,410.76; an order requiring Will County Recycling, Inc. to obtain and maintain a surety bond in the amount of $5,000.00; and an order requiring Will County Recycling, Inc. to submit reports and contributions by the tenth day of the month after the month in which the work has been performed for the period of September 1, 2008 through the present.

Respectfully submitted,

/s/ Josiah A. Groff
One of plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

November 5, 2008